Good morning, Your Honors. May it please the Court, my name is Mario Madden. I represent the plaintiff in this case, Robert Harrington. We're before you today on the decision on cross-motions for summary judgment involving an insurance contract for employee dishonesty. The District Court denied plaintiff's motion for summary judgment. Could you pull a microphone over a little closer to where you're talking? Excuse me, Your Honor, I'm sorry. The trial court denied plaintiff's motion for summary judgment and granted defendants, and we ask this Court to reverse that decision or remand for entry in favor of the plaintiff. Given our short time here today, and given the extensive briefing in this case, I'm not going to belabor too many points. I would like to raise a couple of issues, though. The main point before this Court, the main issue before this Court, is whether a two-year suit limitation clause in a policy for employee dishonesty should start to run from discovery of that dishonesty or discovery of employee dishonesty. Defendants have argued that we failed to preserve this argument below our arguments we're raising on appeal, and I'd like to briefly point out that we haven't. Below there was the central issue was whether Mr. Harrington, who acted reasonably in bringing suit, that was undisputed, whether he satisfied the suit limitation clause when he filed suit within two years of reasonably discovering his employee's embezzlement. The question of whether there should be a discovery rule implied was talked about extensively below, as we point out in our reply brief, and the question of whether there is a discovery rule inherent in this suit limitation clause was at least implicitly rejected when the Court ruled based on Moore and ORS 742-240 in rejecting the plaintiff's argument. One thing I want to make clear in this case is what this particular suit limitation clause is not. It is not a suit limitation, a statutory suit limitation clause required by ORS 742-240. That statute provides that in fire insurance policies, and it has conceded that that's been extended to some property insurance policies. But doesn't this policy cover that territory as well? Well, Your Honor, it does. It's sort of an omnibus policy. It's a business owner's policy covering several different types of or offering several different types of coverage, including employee dishonesty and including property. It's our position that what defendants are trying to do here essentially is shoehorn two different types of policy coverage. I think you have to look at the dishonesty coverage separately from the property coverage. It's not just the statute, though. Doesn't provision in the policy track the statutory language? Well, not exactly, Your Honor. It does differ slightly in that it talks about the date of occurrence rather than the date of inception, which 742-240 applies. And although we – I understand that there is case law out there that says that that's a distinction without – perhaps without any meaning. But I think that despite the fact that it tracks the policy, it tracks the statutory language, I think it's a mistake to import the decisions interpreting the statutory language into this particular insurance context. We have a distinctly different kind of insurance here. This is dishonesty insurance. It's insurance purchased by the insurer to protect against deceitful acts by their employees,  This is not where you buy – this is not a fire insurance policy where the loss will be readily apparent when it occurs, or even most property insurance policies where the loss is readily apparent, and it certainly isn't actively being – the loss is not being actively concealed from the insurer. And our position is that in light of Oregon insurance law, which encourages the interpretation of these contracts in light of the reasonable expectations of the parties, and that it will not allow a ridiculous reading to come in, that it would be ridiculous for an insurer to agree to an insurance policy for dishonesty that effectively cuts off any sort of coverage beyond two years from when these dishonest acts occur. Well, it would seem at least as ridiculous to suggest that the same words mean two different things in different contexts when it's the same policy for both. Well, first off, I take a little issue with that. I don't think it's the same policy for both, but I think that's where – How many policies are involved here? There's one policy, Your Honor. And it's the same policy that covers multiple risks, but the provision we're looking at here appears to be a provision that covers everything that the policy covers. Well, I would submit, Your Honor, this is an example of sort of sloppy drafting by the insurance companies. They have this policy, this supervision in there that is important from the statute as far as property goes, and then when they get to their employee dishonesty coverage, they say, well, the general provisions apply, which is very standard insurance policies. Well, either that or it could be very astute drafting. Well, they're right, Your Honor. It all depends on which way you look at it. And if you look at the provision itself, it talks about from the date of physical loss or damage. It's clearly intended for a property insurance policy. It's not intended for something like dishonesty. And so it's our opinion that at least as far as its application to the employee dishonesty provision, it is ambiguous. And there are other examples out there of Oregon courts interpreting similar language to mean different things, and we've submitted the Oregon TORC Claims Act. The courts interpreted language referring to date of loss or damage to mean to import a discovery rule, and we think that is the exact thing that needs to be done here. And I think it's very instructive if you look at the case the court relied on primarily below Moore, Moore v. Enumclaw Insurance, I think, I remember, and that's 317 OR 235. And in there they discuss the ORS 742-240 provision and discuss why a discovery rule doesn't apply there. They also address the point about the Oregon TORC Claims Act implying a discovery rule when they discuss the date of loss or occurrence. And on page 249, they say, this case does not involve a limitation on a tort action as did the cases under the OTCA. And that's where the courts, in those cases, were able to draw and vary in this project for guidance. We're not able to do so here. We would submit that what the court's saying there is you have to look at the limitation of what kind of act, what kind of claim is being limited here. And our position is that this is a fraud, deceit claim that's being limited. And when you look at that, you have to look at the case law that's surrounding that, the case law and the statute that's surrounding that, including ORS 12110, which expresses Before you get to the case law, though, you have to look at the language of the insurance contract. You do, Your Honor. And I agree. How do you get past this coverage of the occurrence definition? G4D, all loss or damage caused by one or more persons or two involving a single act or a series of acts is considered one occurrence. And I'm not sure I follow you. Well, if the insurance contract defines the occurrence, isn't that where we start, to see whether this is one occurrence or a whole bunch of occurrences? I agree, Your Honor. That was an issue that was raised below, and the Court expressly determined that this was an instance of multiple occurrences. The trial court did. And the defendants have raised that on appeal as an alternative grounds for affirmance. It's our position that that is not properly before this Court because it was expressly decided by the trial court and wasn't cross-appealed. It doesn't have to be cross-appealed because the ultimate judgment favored the defendant. They're allowed to offer up alternative reasons to sustain a summary judgment. And we have a rule that we can affirm a judge for any reason that's supported in the record. Well, there's case law out there, though, Your Honor, that I think that, as we point out in our reply brief, that shows that in certain circumstances, if a party is attempting to expand their rights under the decision below, that they have to cross-appeal that particular decision. They couldn't. There's nothing to cross-appeal. They won. But once we appealed. Then they can argue alternative grounds in summary judgment. Case law is utterly clear on that. So you're not going to be able to win on that one. You're going to have to get to the substance of the argument. Well, in that case, then we would point out that this decision about whether it was a single occurrence or multiple occurrences was determined by the Oregon Court of Appeals decision, 74P31141. It's a decision that the court relied on below. And defendants in this case have already admitted that that seems to be a difficult decision to overcome. And they offer no real grounds for distinguishing it except to say that there could have been other policy provisions at play that are not in the Robin decision that are in here. They don't explain why that's a difference with any meaning. And so as far as a single occurrence or multiple occurrence goes, we would rely on the Robin decision and the district court's reasoning below. Any further questions, Your Honor? We will give you a minute for rebuttal. Thank you. And now we'll hear from American Economy. May it please the Court. I'm Dan Lindahl, representing the Appellee American Economy Insurance Company. There are several issues in the time I have this morning I wish to direct my comments to. First is the preservation issue, which ordinarily I wouldn't take time to address in an oral argument. But here I think it's not only quite significant, but in fact it's dispositive because it's so clear. Second, I'll talk about the two-year suit limitation, which was the basis upon which the district court granted summary judgment in favor of American Economy. The case that has been presented to this Court is very different from the case that was presented to the district court judge. There, the argument in the briefing and the oral argument from the plaintiff was that the suit limitation shouldn't be enforced unless the insurance company could show prejudice. It's a variation of the notice prejudice rule found in many states, including Oregon. In Oregon, it emanates from a case called Lush. At oral argument in this courthouse, plaintiff's lawyer referred to the Lush case 30 times in a 30-page transcript and said to the Court at ER 115, our case lives or dies on the applicability of the Lush case to this case here. If I stood before you and in my 10 minutes referred to a particular decision of the Oregon Supreme Court 10 times, you might get the impression correctly that I thought that's what the case was about. That's what the district court was told the case was about. Does the notice prejudice rule bar application of this two-year suit limitation? Now on appeal, we have a very different case. The issue on appeal, as framed by the plaintiff, is does the two-year suit limitation have a discovery rule within it? And should one be implied within it because even they admit it's not there expressly? That's just a different case. And for that reason, we believe the argument presented, the only argument presented on appeal, hasn't been preserved. Now, let's look at the two-year suit limitation. As I've just said, the two-year suit limitation, the wording is plain. And the plaintiffs don't even argue that the suit limitation is subject to more than one interpretation. Instead, what they've argued to this court is don't enforce it according to its terms because darn it, it's just so unfair. It's so unfair to us. Essentially, it's a public policy argument that the policy of the state of Oregon is offended. And they can make that argument, but it's helpful if they can identify some source of Oregon public policy that says this kind of a suit limitation offends public policy. The problem is that the Oregon legislature has enacted just such statutes of limitations over and over again. I've cited several in the brief. Gladhart v. Oregon Vineyard Supply Company dealt with the product liability statute of limitations in Oregon. And in Gladhart, the court held that statute of limitations runs from the date the loss occurs without regard to the discovery. And in Gladhart, the statute of limitations had commenced, had run, and expired before the plaintiff there ever knew of the loss. Similarly, in Eldridge v. Eastmoreland General Hospital, wrongful death statute of limitations, no discovery rule. And most significantly, ORS 742.240, statutorily prescribed suit limitation for policies providing fire insurance in Moore v. Mutual Evenum Clause, the Oregon Supreme Court said, that suit limitation, the one we're dealing with here, does not include a discovery rule. In Gladhart, the Oregon Supreme Court said, you don't imply a discovery rule ever. It has to be in the words of the statute. It has to be there because the legislature has said, or the words of the provision provide, it's told until discovery, or it's told until accrual of the cause of action. We don't have either of those here. Now, there's been some argument about whether or not this suit limitation is required by Oregon statute or simply there. And honestly, I'm not sure it matters very much because it's in the policy. The wording's clear. It's enforced either way. But it is, in fact, a suit limitation required by Oregon law. Policies in Oregon that include fire insurance have to include this provision. Now, a little bit of insurance history and a very little bit. There was a time when fire insurance policies were what you bought. You bought a policy and that's all it covered. Nowadays, it's very rare to buy simply a fire insurance policy alone. You buy a property insurance policy that covers loss caused by fire and multiple perils. In fact, the perils usually aren't set forth anymore. So what we have here now is Oregon's court saying if the policy provides fire insurance and other property coverage, those other coverages are subject to the same mandatory provision and it must be in the policy. So in the Moore case, I think we had a methamphetamine house where the damage occurred. This limitations period passed before the homeowner ever knew about it. So that was the nature of the coverage there. In Herman v. Valley Insurance, it was burglary. It doesn't have to be a fire. It just has to be a property insurance policy that provides fire coverage. So this is a provision required by statute. In Moore, the Oregon Supreme Court said this provision has no tolling provision. It does not run from discovery. It runs from loss and that's what we have here. For that reason, summary judgment should be affirmed. My answer or any other questions this morning? This question is not really relevant, I guess. But I thought for many years that the purpose of these statutory clauses was that if they left it out, then the court would put it in because the statute required it to be considered in interpreting the policy. The fact that statute requires it is irrelevant. If it's in the policy, it doesn't make any difference whether the tooth fairy required it. I think you're right, Your Honor. My understanding of the reason for the statute was there was a time, and it's not the proudest moment in the insurance industry's history, they put contractual provisions in with very, very short limitations periods. You had to file suit within six months or two weeks from the loss. And the legislature said, no, no, no, no. We're going to make it at least – it used to be 12 months. They lengthened it to 24 months. So it's there to protect the insurer from a shorter period, but also it obviously serves, especially in this kind of policy, it serves the interest of the insurance company from being presented with a claim for theft that occurred 12, 13 years ago. Thank you. Thank you. Mr. Madden. Really quickly, Your Honor, as far as preservation goes, I would just turn the Court's attention to page 3 of our reply brief where we quote the papers from below, defense papers from below, where they say expressly, quote, plaintiff argues that notwithstanding the plain language of the suit limitation provision, the Court should interpret the policy to run from the insurer's discovery of the loss. So I think everybody understood what the question was below. Therefore, it's preserved on appeal. As far as counsel's points about the statute ORS 742-240 and its relation here, I think I would just come back to my point, you have to focus on the nature of the coverage. It is relevant whether this is required or not required by statute, because if it's not required by statute, then we're talking about a different provision, and the cases interpreting it are not controlling. And I would say in that case you have to look to the surrounding circumstances, including the statute limitations for fraud and deceit. Thank you. We thank both of you for your argument. The case just heard is taken into submission. That concludes our calendar for the day, and we are adjourned.
judges: Goodwin, Tashima, Clifton